E-FILED
Friday, 02 April, 2010  04:26:06 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Case No. 08-CR-20055** |
| ) | |
| **PIERRE BLAKE,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on the Motion to Suppress Search Warrants and Evidence Secured Therefrom and to Suppress Confession (#14) filed by Defendant, Pierre Blake. This court has carefully considered the evidence presented and the arguments of the parties. Following this careful and thorough consideration, Defendant's Motion (#14) is DENIED.

## BACKGROUND

On November 18, 2008, Defendant was charged in a four count indictment (#7). In Count 1, he was charged with, on or about October 23, 2008, knowingly and intentionally distributing 50 or more grams of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance. In Count 2, he was charged with, on or about October 30, 2008, knowingly and intentionally distributing 50 or more grams of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance. In Count 3, he was charged with, on or about October 31, 2008, knowingly and intentionally possessing 50 or more grams of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, with the intent to distribute it. In Count 4, he was charged with, on or about October 31, 2008, knowingly possessing a firearm after having previously been convicted of a felony offense. On April 8, 2009, the Government filed a Notice of Prior Convictions (#13). The Notice stated that Defendant has two prior convictions of

possession of a controlled substance. On September 28, 2009, a status conference was held in this case. Defendant stated that he would be filing a motion to suppress and this court set an evidentiary hearing for December 22, 2000, at 9:00 a.m.

## MOTION TO SUPPRESS

On October 14, 2009, Defendant filed a Motion to Suppress Search Warrants and Evidence Secured Therefrom and to Suppress Confession (#14). Defendant stated that law enforcement agents investigated drug activity at 1009 Walnut Street, Champaign, and 2526 W. Springfield Ave. Apt. 3C, Champaign, prior to and on October 31, 2008. Defendant stated that search warrants were secured for both addresses and were executed. Defendant stated that the warrants were based on affidavits that were "insufficient by law." Defendant also stated that a statement was taken from him on October 31, 2008 and "the statement was invalidly secured by law and in violation of Defendant's Miranda rights." Defendant noted that an evidentiary hearing had been scheduled in this case and asked this court to suspend briefing until after the conclusion of evidence at the evidentiary hearing.

On December 10, 2009, the Government filed its Response to Defendant's Motion to Suppress Search Warrants, Evidence and Confession (#15). The Government noted that Defendant provided only general arguments in his Motion to Suppress and asked this court to suspend briefing until after the conclusion of evidence. The Government stated that it "would join in the defendant's request to suspend full briefing of the issues until after the evidentiary hearing, as it is not clear to the government on what grounds the defense is seeking to suppress the warrants, evidence and confession."

An evidentiary hearing was held on December 22, 2009. The Government presented the testimony of Matt Henson and Jack Turner, who both have many years of experience with the Champaign police department. The witnesses testified regarding four controlled buys of crack cocaine a confidential informant made from Defendant and the information provided to Magistrate

Judge David G. Bernthal which led to the issuance and execution of search warrants for both addresses listed above. Henson also testified that Defendant was advised of his rights under Miranda and that Defendant agreed to speak with the officers.

ANALYSIS

On February 9, 2010, Defendant filed his Findings of Fact and Conclusions of Law Regarding Motion to Suppress Search Warrant and Evidence Secured Therefrom and to Suppress Confession (#17). Defendant essentially conceded that the evidence shows that the search warrants were issued based upon probable cause and his statements were voluntarily given after he was advised of his rights under Miranda. On March 5, 2010, the Government filed its Response to Defendant's Findings of Fact and Conclusions of Law (#18). The Government stated that it agreed with the findings of fact and conclusions of law set out by Defendant. The Government further stated that the parties agree that the agents provided truthful and credible testimony and the facts contained in the affidavits abundantly supported the search warrants with probable cause. In addition, the Government stated that the parties agree that Defendant was properly advised of his Miranda rights before consenting to the interview and there is no evidence to suggest that the interview was coercive or otherwise involuntary.

After careful consideration, this court concludes that Defendant accurately set out the facts presented at the evidentiary hearing. This court further concludes that the witnesses who testified at the evidentiary hearing were credible, that the affidavits supporting the search warrants for 1009 Walnut Street, Champaign, and 2526 W. Springfield Ave. Apt. 3C, Champaign, provided probable cause for the issuance of the warrants, and that Defendant was advised of his rights under Miranda and his statements were voluntarily given. For these reasons, this court concludes that Defendant's Motion to Suppress (#14) must be denied.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Suppress (#14) is DENIED.

(2) This case remains scheduled for a status conference on April 16, 2010, at 2:00 p.m.

ENTERED this 2nd day of April, 2010


s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE