# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 08-CR-20055 |
| ) | |
| **PIERRE BLAKE,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on the Motion in Limine as to Defendant's Convictions (#20) filed by Defendant, Pierre Blake. This court has carefully considered Defendant's Motion and the Government's Response. Following this careful and thorough consideration, Defendant's Motion (#20) is DENIED in part and GRANTED in part.

## BACKGROUND

On November 18, 2008, Defendant was charged in a four count indictment (#7). In Count 1, he was charged with, on or about October 23, 2008, knowingly and intentionally distributing 50 or more grams of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance. In Count 2, he was charged with, on or about October 30, 2008, knowingly and intentionally distributing 50 or more grams of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance. In Count 3, he was charged with, on or about October 31, 2008, knowingly and intentionally possessing 50 or more grams of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, with the intent to distribute it. In Count 4, he was charged with, on or about October 31, 2008, knowingly possessing a firearm after having previously been convicted of a felony offense. On April 8, 2009, the Government filed a Notice of Prior Convictions (#13). The Notice stated that Defendant has two prior convictions of

possession of a controlled substance.

On October 14, 2009, Defendant filed a Motion to Suppress Search Warrants and Evidence Secured Therefrom and to Suppress Confession (#14). An evidentiary hearing was held on December 22, 2009. On April 2, 2010, this court entered an Opinion (#19) which denied Defendant's Motion to Suppress. A final pretrial conference is scheduled in this case on August 4, 2010, at 1:15 p.m. and a jury trial is scheduled on August 23, 2010, at 9:00 a.m.

On July 28, 2010, a superseding indictment (#25) was filed in this case. The superseding indictment added one additional charge. The new count charged Defendant with, on or about October 21, 2008, knowingly and intentionally distributing five or more grams of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance. On July 29, 2010, Defendant filed a Motion to Continue Trial Setting (#28).

## IMPEACHMENT WITH PRIOR CONVICTIONS

On July 6, 2010, Defendant filed a Motion in Limine as to Defendants' Convictions (#20). Defendant asked this court to bar the Government from introducing evidence of his two prior convictions in the event he testifies at trial. Defendant stated that his motion was based upon Rule 609 of the Federal Rules of Evidence.

On July 21, 2010, the Government filed its Response to Defendant's Motion in Limine (#21). The Government stated that Defendant was convicted of possession of a controlled substance in Cook County on August 7, 2007, and was sentenced to 77 days in jail. The Government stated that Defendant was also convicted of possession of a controlled substance in Cook County on November 20, 2002, and was sentenced to 23 days in jail. Defendant later served an additional 2½ years based upon the 2002 conviction. The Government argued that, if Defendant testified at trial, it should be allowed to impeach him with evidence of his two prior convictions. The Government also argued

that it should be allowed to inquire about the details of those convictions if Defendant attempts to minimize, mis-characterize or explain away those convictions during his testimony.

Rule 609(a)(1) provides that evidence that the accused has been convicted of a crime punishable by more than one year of imprisonment shall be admitted for impeachment purposes if the court determines that the "probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed R. Evid. 609(a)(1). In addition, under Rule 609(b), evidence of a conviction is not admissible for impeachment if a period of more than 10 years has elapsed since the date of the conviction or of the release from confinement imposed for that conviction, whichever is the later date. See Fed. R. Evid. 609(b); United States v. Gant, 396 F.3d 906, 909 (7th Cir. 2005). The Seventh Circuit has articulated a five-part test to guide the district court in determining whether the probative value of a conviction outweighs its prejudicial effect. See Gant, 396 F.3d at 909. The court should consider: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." Gant, 396 F.3d at 909; quoting Rodriguez v. United States, 286 F.3d 972, 983 (7th Cir. 2002). If allowed, the Government can impeach the defendant with the crime charged, the date, and the disposition. United States v. Smith, 454 F.3d 707, 716 (7th Cir. 2006), citing Campbell v. Greer, 831 F.2d 700, 707 (7th Cir. 1987). However, where a defendant attempts to explain away the prior conviction by giving his own version of events, he has "opened the door" to impeachment by the prosecution on the details of the prior conviction. See United States v. White, 222 F.3d 363, 370 (7th Cir. 2000).

In this case, both of Defendant's prior convictions are less than 10 years old and could be admitted for impeachment purposes under Rule 609(a). See United States v. Montgomery, 390 F.3d

1013, 1015-16 (7th Cir. 2004). This court has carefully considered the relevant factors, including the importance of Defendant's testimony and the centrality of the credibility issue. Following this consideration, this court agrees with the Government that, because prior felony convictions have impeachment value as to the issue of Defendant's credibility, some evidence of his prior felony convictions should be allowed if Defendant testifies. This court concludes, however, that evidence of one of Defendant's felony convictions will be adequate for impeachment purposes. This court will allow the Government to present evidence regarding Defendant's 2007 conviction for impeachment purposes. This testimony will be limited to the crime charged, the date, and the disposition. This court will provide a limiting instruction to the jury that it should consider the evidence only in assessing Defendant's credibility. See Federal Criminal Jury Instructions of the Seventh Circuit, No. 3.05. Any additional evidence regarding this conviction will be allowed only if Defendant opens the door with testimony claiming lack of knowledge or experience with drug offenses.

　　　　　IT IS THEREFORE ORDERED THAT:

　　　　　(1) Defendant's Motion in Limine as to Defendant's Convictions (#20) is DENIED in part and GRANTED in part. The Government will be allowed to introduce evidence of Defendant's 2007 conviction for impeachment purposes if Defendant testifies at trial.

　　　　　(2) This case remains scheduled for a final pretrial conference on August 4, 2010, at 1:15 p.m. On August 4, 2010, a hearing will be held regarding Defendant's Motion to Continue Trial Setting (#28).

　　　　　ENTERED this 2nd day of August, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE